

**U.S. COMMODITY FUTURES TRADING COMMISSION**
290 Broadway, Suite 600
New York, NY 10007
Telephone: (646) 746-9700
www.cftc.gov

Division Of Enforcement

July 3, 2023

*VIA CM/ECF*
Hon. Carol Bagley Amon
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Commodity Futures Trading Commission v. Fisher Capital, LLC et al.*,
           1:23-cv-3121-CBA-PK

Dear Judge Amon:

      We write on behalf of plaintiff Commodity Futures Trading Commission ("CFTC" or "the Commission") in response to the June 26, 2023 pre-motion letter submitted by counsel for defendants Fisher Capital LLC, AMS Consulting Solutions LLC, and Alexander Spellane ("Defendants"), which seeks (1) permission for Defendants to file a motion to transfer venue, and to dismiss the CFTC's complaint; and (2) a pre-motion conference regarding Defendants' anticipated motion.[1]  The CFTC would oppose such a motion for the reasons summarized below.

**A Transfer to Defendants' Preferred Venue is Unwarranted**

      Defendants do not dispute that venue is proper in this District, but argue that the Court should nonetheless exercise its discretionary authority to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).  However, Defendants cannot meet their burden of establishing by clear and convincing evidence that the interests of justice strongly favor transfer.

      Generally, courts consider a number of factors in exercising their discretion to grant or deny a motion under Section 1404(a), including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc*., 599 F.3d 102, 112 (2d Cir. 2010).

      Defendants' arguments in favor of transfer alternately mischaracterize or ignore the pertinent facts and the applicable law.  Applying the first factor, a plaintiff's choice of forum is "given great weight." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006).  Thus, "[a]

---

[1] The CFTC takes no position on Defendants' request for a pre-motion conference, but respectfully requests that any such conference not occur until after a Rule 26(f) conference has been held, and the parties have exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a), so that each party will have more complete information on the other party's anticipated witnesses.

plaintiff's choice of venue is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 353 (S.D.N.Y. 1998). Plaintiff's choice of forum is entitled to particular deference where, as here, "Plaintiff's attorneys and staff responsible for this case are located in this District, and Plaintiff has no office in or near" Defendants' preferred forum. *CFTC v. Hartshorn,* 16-CV-9802 (ALC), Dkt. 31, at 10 (S.D.N.Y., Sept. 17, 2018) (Order Denying Motion to Dismiss). Contrary to Defendants' suggestion, the CFTC does not have a uniform practice of filing suit where Defendants reside, and litigating this case in California would be substantially more burdensome for Plaintiff, which does not have an office in, or anywhere near, California.[2] Where, as here, a transfer "would merely shift the inconvenience from one party to the other, a plaintiff's choice of forum is not to be disturbed." *Prompt Nursing Emp. Agency LLC v. Valdez*, 222 F. Supp. 3d 194, 199 (E.D.N.Y. 2016).

Defendants erroneously argue that the majority of witnesses, documents, and other evidence is located in Los Angeles. As an initial matter, in the modern era of electronic discovery, the "location of documents" is an insignificant factor in the convenience analysis. *See Document Techs., Inc. v. West*, No. 17 Civ. 2405 (JSR), 2017 WL 1743938, at *3 (S.D.N.Y. Apr. 24, 2017) (citation omitted). Moreover, Defendants' arguments incorrectly focus principally on the location of *Defendants* and their personnel, but "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses." *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 30 (E.D.N.Y. 2014) (citation omitted). Relevant witnesses in this case are dispersed across the country. Indeed, because the nature of Defendants' scheme was a boiler room that fraudulently targeted elderly persons nationwide in their home states, most potential victims are located *outside* of California in various districts scattered across the country, including multiple victims in this district and in other locales thousands of miles from Defendants' preferred forum. In addition to victim-witnesses, other potentially significant third-party witnesses, including the custodians of the Self-Directed IRA accounts that Defendants fraudulently induced victims to open, are located thousands of miles from California. Convenience factors therefore do not warrant transfer to California. *See Document Techs*, 2017 WL 1743938, at *3 (denying transfer where potential witnesses were "dispersed throughout the United States.").

**Plaintiff's Claims are Adequately Pled in the Complaint**

Despite Defendants' arguments to the contrary, the Complaint's claims stemming from fraudulent commodity sales fit squarely within the Commission's jurisdictional authority, and are well pled. Section 6(c)(1) of the Commodities Exchange Act ("CEA") bars the use or attempted use of "any manipulative or deceptive device or contrivance" in connection with "***a contract of sale of any commodity*** in interstate commerce" (emphasis added). Similarly, Regulation 180.1(a), proscribes manipulation and fraud in connection with any "***contract of sale of any commodity*** in interstate commerce" 17 C.F.R. §180.1(a) (2021) (emphasis added). In promulgating Regulation

---

[2] This matter is being litigated by attorneys in the CFTC's Eastern Regional Office, located in Manhattan. The closest CFTC office to Defendants' preferred venue is in Kansas City, Missouri, more than 1000 miles from California. In contrast, although Defendants have not addressed the relative means of the parties, Defendants' marketed themselves as "the largest gold and silver IRA company in the nation"; fraudulently obtained more than $30 million from victims; and are represented by a prominent national firm that has more than 100 attorneys in its New York office.

180.1(a), the Commission explained that it intended the regulation to apply to cases like this one, involving the sale of precious metals for purposes of investment. *See* Prohibition on the Employment, or Attempted Employment, of Manipulative and Deceptive Devices and Prohibition on Price Manipulation, 76 Fed. Reg. 41,398, 41,401 n.37 (Jul. 14, 2011).

Defendants' argument that the CFTC has authority to prosecute fraud only on leveraged commodity transactions has been repeatedly rejected by this Court and others. *See, e.g.*, *CFTC v. McDonnell*, 287 F. Supp. 3d 213, 228 (E.D.N.Y. 2018) (holding that the plain language of Section 6(c)(1) and Regulation 180.1 allow the prosecution of fraud claims involving spot commodity transactions); *CFTC v. My Big Coin Pay, Inc*., 334 F. Supp. 3d 492, 498-99 (D. Mass. Sep. 26, 2018) (same). Defendants cite no case where a court agreed with their view, and the cases they do cite are inapposite. Defendants' reliance on *Andersons, Inc. v. Horton Farms, Inc*., 166 F.3d 308 (6th Cir. 1998) is inapt, as that case predates Congress's expansion of the CFTC's authority in Section 6(c) to cover cases like this one. Moreover, the courts in *CFTC v. Monex Credit Co.*, 931 F.3d 966, 977 (9th Cir. 2019) and *CFTC v. Hunter Wise Commodities, LLC*, 749 F.3d 967, 981 (11th Cir. 2014) expressly declined to opine on the merits of the argument advanced by Defendants.

Contrary to Defendants arguments, the Complaint's allegations of fraud also sufficiently particularized. For example, the Complaint in paragraph 61 alleges that "in or about March 2021, Spellane falsely told a customer that by converting his Traditional Retirement Account into Precious Metals, he could expect to double his money within six months to one year because the price of gold and silver would rise. In fact, as Spellane knew or recklessly disregarded, the customer instantly lost more than half of the value of his retirement account upon transacting with Fisher Capital Group because Spellane directed virtually all of the customer's retirement funds into grossly overpriced supposedly semi-numismatic coins at markups ranging from 137% to 145%." This is a model of particularity, identifying the speaker, the false statements, when they were made, and why they were false.

Moreover, a complaint need not plead every fact "with the detail of a desk calendar or a street map," *KCG Americas LLC v. BrazilMed LLC*, 15 Civ. 4600, 2016 WL 900396, *3 (S.D.N.Y. Feb. 26, 2016), particularly in a fraud that involved systematic deception over an extended period of time. *In re Cardiac Devices Qui Tam Litig*., 221 F.R.D. 318, 333 (D. Conn. 2004) (collecting cases). In addition, because the CFTC was not a participant to the fraudulent telephone calls and emails, its ability and, therefore, its obligation to provide details about all such communications is more limited than that of a private plaintiff. *SEC v. Blackwell*, 291 F. Supp. 2d 673, 689-92 (S.D. Ohio 2003). Taken as a whole, the Complaint is more than "sufficiently outlined to place defendants on notice so that they may frame a responsive pleading." *Giuliano v. Everything Yogurt, Inc*., 819 F. Supp. 240, 245 (E.D.N.Y. 1993).

                                                Respectfully submitted,

                                                */s/ Jacob Mermelstein*
                                                Jacob Mermelstein
                                                Trial Attorney
                                                Commodity Futures Trading Commission