UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>        Plaintiff,<br><br>  - against -<br><br>FISHER CAPITAL LLC, AMS CONSULTING SOLUTIONS LLC, and ALEXANDER SPELLANE a/k/a "Alexander Overlie",<br><br>        Defendants. | Case No. 23-CV-3121<br><br>Hon. Carol Bagley Amon<br><br>**ANSWER TO COMPLAINT**<br><br>Jury Trial Requested |

  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Fisher Capital LLC, AMS Consulting Solutions LLC, and Alexander Spellane (collectively, "Defendants"), by and through undersigned counsel of record, answer the Complaint as follows (the "Answer"). In responding to the allegations in the Complaint, Defendants incorporate into each response (i) a denial of any allegations in the Complaint that assert or suggest that Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statement not misleading or acted as a control person as to any such statement, and (ii) to the extent that any response is required, deny any allegations or averments in the introductory paragraphs, headings, and subheadings of the Complaint. Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

## ANSWER TO ALLEGATIONS:

## SUMMARY[1]

1. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 1.

2. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 2.

3. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 3.

4. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 4.

5. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 5.

6. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 6.

7. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 7.

8. Defendants admit that the CFTC is the Plaintiff bringing this lawsuit. Except as expressly admitted, Defendants deny the remaining allegations and legal conclusions in Paragraph 8.

---

[1] For ease of reference, Defendants use the headings used in Plaintiff's Complaint. In so doing, Defendants do not admit any of the allegations or legal conclusions contained in those headings. Further, to the extent that any allegation in the Complaint contains a footnote, Defendants do not admit to any of the allegations or legal conclusions contained in said footnote unless otherwise specifically admitted to in this Answer.

9. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 9.

10. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 10.

11. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 11.

12. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 12.

13. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring claims pursuant to Sections 6(c) and 6(d)(1) of the CEA, 7 U.S.C. §§ 13a-1, 13a-2(1), and Defendants deny the remaining allegations in Paragraph 13.

## JURISDICTION AND VENUE

14. This paragraph states legal conclusions to which Defendants are not required to respond. To the extent a response is required, Defendants admit that 28 U.S.C. § 1331 and 28 U.S.C. § 1345 pertain to federal question jurisdiction and original jurisdiction over civil actions commenced by an agency expressly authorized to sue by an Act of Congress. To the extent a further response is required, Defendants deny the allegations in Paragraph 14 because they purport to assert that there is a basis in fact or law for Plaintiff's claims.

15. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 15 because they purport to assert that there is a basis in fact or law for Plaintiff's claims.

## PARTIES

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint and on that basis deny the same.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in the first and second sentences of Paragraph 18. Defendants admit that Fisher Capital LLC was dissolved on or about April 26, 2021, and that Global Access International LLC was purchased on or about the same date. Defendants admit that Fisher Capital has never been registered with the Commission. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 18.

19.     Defendant Spellane admits the allegations in the first and last sentences of Paragraph 19. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

## FACTS

21.     This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 21.

22.     Defendant Spellane admits that he was employed as an account executive by Safeguard Metals LLC from March 2019 to June 2020. Defendant Spellane admits that prior to that, he worked as an account executive at Chase Metals. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding lawsuits against Safeguard and Chase Metals and on that basis deny them. Except as expressly admitted, Defendants deny the allegations in Paragraph 22.

23. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 23.

24. Responding to Paragraph 24, Defendants admit that Fisher Capital maintained a website, https://fishercapitalgroup.com. Defendants deny all remaining allegations in Paragraph 24.

25. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 25.

26. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 26.

27. This paragraph states legal conclusions to which no response is required. Defendants also lack information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants admit that gold and silver coins can be categorized as bullion, numismatic, or semi-numismatic. Except as expressly admitted, Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint and on that basis deny the same.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint and on that basis deny the same.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 38.

39. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 39.

40. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 40.

41. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 43.

44. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 51.

52. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 59.

60. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 60.

61. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint and on that basis deny the

same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 61.

62. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 62.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Complaint and on that basis deny the same.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. This paragraph states legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint and on that basis deny the same. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 66.

67. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants admit that prior to completing a sale, sales representatives confirmed the quantity and prices of the various coins the customer would be purchasing on a recorded line. Except as expressly admitted, Defendants deny the allegations in Paragraph 71.

72. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 75.

76. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 76.

77. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 77.

78. This paragraph states legal conclusions to which no response is required. Defendants also lack information or knowledge sufficient to form a belief as to the allegations. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 78.

79. This paragraph states legal conclusions to which no response is required. Defendants also lack information or knowledge sufficient to form a belief as to the allegations. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 79.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 of the Complaint and on that basis deny the same.

81. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 81.

82. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 82.

83. Defendant Spellane admits that he was the signatory on the bank accounts for Fisher Capital LLC and AMS Consulting Solutions LLC. Except as expressly admitted, Defendants deny the allegations in Paragraph 83.

84. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 84.

85. Defendants repeat and reallege their Answers to Paragraphs 1 through 84 as if fully set forth herein.

86. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 86.

87. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 87.

88. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 88.

89. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 89.

90. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 90.

91. This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 91.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants deny any and all allegations not specifically admitted and state and allege the following defenses. In doing so, Defendants do not allege or admit that they bear the burden of proof or persuasion with respect to any of the foregoing defenses. Defendants reserve the right to supplement or amend its defenses as developed through discovery or investigation.

### FIRST DEFENSE (Statute of Limitations)

Plaintiff's claims are barred by the relevant statute of limitations.

### SECOND DEFENSE (Failure To State a Claim)

Plaintiff's claims are barred because they fail to state a claim upon which relief can be granted.

### THIRD DEFENSE (No Jurisdiction)

Plaintiff's claims are barred, in whole or in part, for lack of jurisdiction, including because Plaintiff does not have enforcement authority over the transactions at issue pursuant to 7 U.S.C. § 6(c)(1) because the transactions alleged do not involve any "commodity" under the Commodity Exchange Act.

### FOURTH DEFENSE (Lack of Standing)

Plaintiff's claim are barred, in whole or in part, for lack of standing because the precious metals alleged in the Complaint are not "commodities" under the CEA.

### FIFTH DEFENSE (Assumption of Risk)

Plaintiff's claims are barred, in whole or in part, on the basis of the alleged customers' assumption of risk when purchasing precious metals.

### SIXTH DEFENSE (Consent)

Plaintiff's claims are barred, in whole or in part, because the matters alleged in the Complaint as they pertain to Defendants were authorized, consented to, and/or ratified, and thus Plaintiff is precluded and barred from asserting any such claims against Defendants.

### SEVENTH DEFENSE (No Causation)

Plaintiff's claims are barred, in whole or in part, because the Plaintiff cannot establish that the alleged damages and/or injuries were caused and/or proximately caused by the alleged acts and/or omissions of Defendants.

### EIGHTH DEFENSE (No Reliance)

Plaintiff's claims are barred, in whole or in part, because the Plaintiff cannot establish that any individual who purchased precious metals from Defendants reasonably relied on any purported false statements and/or omissions by Defendants.

### NINTH DEFENSE (No Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish any damages and/or injuries that were the result of any alleged actions and/or omissions by Defendants.

### TENTH DEFENSE (No Injunctive Relief)

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that there is an inadequate remedy at law, that there is a risk of interim or irreparable harm absent

injunctive relief, that any conduct sought to be enjoined is likely to be repeated in the future, and/or that there is a likelihood of prevailing on the merits.

### ELEVENTH DEFENSE (No Equitable Monetary Relief)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to any equitable monetary relief, including restitution or disgorgement, as a result of any alleged actions and/or omissions by Defendants.

### TWELFTH DEFENSE (No Civil Penalties)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to civil penalties pursuant to state and/or federal statutes.

### THIRTEENTH DEFENSE (No Fines)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to fines.

### FOURTEENTH DEFENSE (No Recission)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to recission.

### FIFTEENTH DEFENSE (Lack of Particularity)

Plaintiff's claims are barred because Plaintiff has failed to plead the fraud allegations with sufficient particularity.

### SIXTEENTH DEFENSE (Lack of Scienter)

Plaintiff's claims are barred because Plaintiff cannot show that Defendants acted with requisite scienter.

### SEVENTEENTH DEFENSE (No Material Misstatement or Omission)

Plaintiff's claims are barred because Defendants' statements were accurate in all material respects and did not contain any statements that were false or misleading with respect to any material facts when made, nor did any of Defendants' statements contain misleading actionable

omissions of material fact. Defendants are further not liable because certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain and, as such, were available to potential customers.

### EIGHTEENTH DEFENSE (Immateriality to Investment Decisions)

Plaintiff's claims are barred, in whole or in part, because any alleged misstatements or omissions were immaterial to the investment decisions of a reasonable investor, including in light of the total mix of information available to such reasonable investor(s).

### NINETEENTH DEFENSE (Bespeaks Caution Doctrine)

Plaintiff's claims are barred, in whole or in part, because any alleged statements made by Defendants (which Defendants deny) "contained enough cautionary language or risk disclosure to protect the defendant against claims of securities fraud." *Provenz v. Miller*, 102 F.3d 1478, 1493 (9th Cir. 1996) (quoting *In re Worlds of Wonder Securities Litigation*, 35 F.3d 1407, 1413 (9th Cir. 1994)). *See CFTC v. Mintco LLC*, 2016 WL 3944101 (S.D. Fla. May 17, 2016) (rejecting CFTC's argument that the bespeaks caution cannot be applied to CEA enforcement actions).

### TWENTIETH DEFENSE (Alleged Violations Caused by Others)

Plaintiffs' claims are barred because any alleged violations of the law by Defendants were fully or partially caused by the acts or omissions of persons/entities other than Defendants.

### TWENTY-FIRST DEFENSE (Laches, Waiver, and/or Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

### TWENTY-SECOND DEFENSE (Good Faith)

Plaintiff's claims are barred from recovery and/or relief by virtue of the fact that Defendants acted in good faith at all pertinent times.

**TWENTY-THIRD DEFENSE (Additional Affirmative Defenses)**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses available. Defendants therefore reserve the right to amend this response to assert additional affirmative defenses in the event discovery indicates that additional defenses are appropriate.

**OTHER RELIEF REQUESTED**

Defendants deny that Plaintiff or anyone else has been injured or damaged in any amount, or at all and deny that Plaintiff is entitled to any remedy. Defendants therefore respectfully request that the Court enter judgment against Plaintiff on Plaintiff's claim. To the extent the Relief Requested includes any factual allegations, Defendants deny those allegations.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason herein, and the Complaint, and all causes of action therein be dismissed with prejudice;

2. For costs of the suit herein;

3. For reasonable attorneys' fees; and

4. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial.

Dated: New York, New York
     August 9, 2024         DAVIS WRIGHT TREMAINE LLP

By: */s/ Alexander F. Porter*
    Alexander F. Porter (admitted *pro hac vice*)
    Marcy Blattner Micale (admitted *pro hac vice*)
    865 South Figueroa Street, Suite 2400
    Los Angeles, CA 90017-2566
    alexporter@dwt.com
    marcymicale@dwt.com

    Gaurav K. Talwar
    1251 Avenue of the Americas, 21st Floor
    New York, NY  10020-1104
    (212) 489-8230 Phone
    (212) 489-8340 Fax
    gtalwar@dwt.com

    *Attorneys for Defendants*
    Fisher Capital LLC,
    AMS Consulting Solutions LLC, and
    Alexander Spellane